UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| RAPHAEL RAPHLAH, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 1:05-CV-899-DFH-TAB |
| ) | |
| E. MITCHELL ROOB, JR., Secretary, Indiana ) | |
| Family and Social Services Administration, ) | |
| ) | |
| Respondent. ) | |

**Entry Concerning Pending Matters**

**I.**

In this action for a writ of habeas corpus, the court determined that petitioner Raphlah had an available remedy under Indiana state law and therefore could not proceed in federal court. *Baldwin v. Reese,* 124 S. Ct. 1347, 1349 (2004) ("Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U. S. C. §2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.") (internal quotations and citations omitted). Because "[f]ederal habeas relief is not available if the petitioner has not exhausted his state court remedies," *Simpson v. Battaglia,* 458 F.3d 585, 595 (7th Cir. 2006), the court dismissed this action without prejudice in a judgment entered on February 2, 2007.

Many months after the final judgment was entered, the petitioner filed the following documents on the dates indicated.

Motion for Leave to File Amended, Supplemental Complaint – September 21, 2007

Motion for Recusal of Judge – October 2, 2007

Urgent Motion to Stay Board's Order to Revoke His License – October 26, 2007

This Entry addresses each of these motions.

**II.**

Petitioner Raphlah was confined involuntarily for a period of time in the LaRue Carter Hospital because of a mental health commitment issued by an Indiana state court in March 2005. Petitioner filed this action on June 15, 2005. One week later, on June 22, 2005, the court directed the petitioner's custodian, the superintendent of the hospital, to show cause why the relief sought should not be granted. As the case progressed, the petitioner was released from custody and was placed in outpatient status. This status was overseen by the Indiana Family and Social Services Administration ("FSSA"), so the Secretary of that agency was substituted as the respondent on December 30, 2005. The case itself was then dismissed without prejudice on February 2, 2007.

John Hamilton is the brother of the undersigned. He served as Secretary of the FSSA from 2001 until approximately July-August 2003. He resigned from that position more than a year and a half before petitioner was committed to the LaRue Carter Hospital and an even longer period before petitioner's release to outpatient status under supervision of the current Secretary of the FSSA. Petitioner Raphlah has seized upon this fact to seek my disqualification pursuant to 28 U.S.C. § 455(a).

Section 455(a) provides: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." This section is the "catchall recusal provision, covering both interest and relationship and bias and prejudice grounds." *Liteky v. United States,* 510 U.S. 540, 548 (1994). In *Hook v. McDade,* 89 F.3d 350, 354 (7th Cir. 1996), the court stated that § 455(a) "asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits. This is an objective inquiry." The inquiry is "limited to outward manifestations and reasonable inferences drawn therefrom." *In re McCarthey,* 368 F.3d 1266, 1269 (10th Cir. 2004). "The trial judge has a duty not to recuse himself or herself if there is no objective basis for recusal." *In re United States,* 441 F.3d 44, 68 (1st Cir. 2006).

Disqualification pursuant to § 455(a) may be appropriate when there is an appearance of bias, as opposed to actual bias. The petitioner's position is that, because my brother served at an earlier time in the same office as the eventual respondent, I should have disqualified myself in this case.

I deny the request for disqualification for two independent reasons. First, the request comes far too late. In considering whether a motion to recuse is timely, the court should consider several factors, including "whether: (1) the movant has participated in a substantial manner in trial or pretrial proceedings . . . ; (2) granting the motion would represent a waste of judicial resources . . . ; (3) the motion was made after the entry of judgment . . . ; and (4) the movant can demonstrate good cause for delay." *Apple v. Jewish Hospital & Medical Center,* 829 F.2d 326, 334 (2d Cir. 1987). This action had been closed for eight months when the motion was filed. At that time, only an inapt post-judgment motion to amend the claims was pending. (That motion is discussed in Part III of this Entry.) The substitution of the Secretary of the FSSA as respondent had occurred more than 13 months before the court entered judgment. Thus, nearly two years have elapsed since current FSSA Secretary Roob was substituted as the respondent. During that time, the petitioner participated in a substantial manner in the proceedings. He could not do so, waiting to see how things would go, and then file the motion after judgment was entered

against him. Granting the motion at this point would clearly waste judicial resources, and petitioner offers no good reason for the delay in filing the motion.  Accordingly, the motion to disqualify is denied as untimely.  See *Fletcher v. Conoco Pipe Line Co.,* 323 F.3d 661, 664 (8th Cir. 2003) (holding under 28 U.S.C. § 455(a) that a claim for judicial recusal will not be considered unless timely made); *Drake v. Birmingham Bd of Educ.*, 476 F. Supp. 2d 1341, 1346 (N.D. Ala. 2007)(a motion to disqualify a judge under Section 455(a) must be timely filed).

Second, the motion must be denied on the merits.  Under § 455(a), the moving party must demonstrate an "objectively reasonable basis for questioning a judge's impartiality." *In re International Business Machines Corp.,* 45 F.3d 641, 644 (2d Cir. 1995). The petitioner's showing in this case falls short. Petitioner's belated claim that my brother would or should be a witness in the case because of his prior supervisory responsibility over the hospital is belied by the nature of this case.[1]

Because this is an action for a writ of habeas corpus, the only proper respondent is the petitioner's custodian in his or her official capacity.  *Hogan v. Hanks,* 97 F.3d 189, 190 (7th Cir. 1996); *Del Raine v. Carlson,* 826 F.2d 698, 701 (7th Cir. 1987).  As an official capacity claim, the action is in all respects other than name against the State of Indiana. *Kentucky v. Graham,* 473 U.S. 159, 165-66 (1985).  Once the petitioner was transferred to outpatient status, this official was the Secretary of the FSSA.  This substitution did not, however, transform the nature of the action, which was a challenge to the fact or duration of the petitioner's confinement.  See *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973) ("the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody").  This action was never about the conditions of the petitioner's confinement at Larue Carter Hospital, see *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), and hence the petitioner's present focus on the policies, history, leadership, or performance of that agency is not related to any claim which was or could have been presented in this case.  The petitioner's challenge, as is entirely customary in this situation, was to the findings of the state trial court that found him properly committed in the first instance.  Under these circumstances, there is and has been no reason to expect that my brother would have been a material witness in the case.

The Secretary of the FSSA, whether my brother, former Secretary Cheryl Sullivan, or current Secretary Roob, did not cause the petitioner's commitment and did not control that commitment insofar as petitioner has challenged it in this case. Under these circumstances, a reasonable person would not believe that my brother's office more than a year and a half before the commitment in question here could or did lead the court to rule on a basis other than the merits. Instead, the petitioner has revealed the view that he has

---

[1] I have previously disqualified myself automatically in cases against FSSA while my brother was the Secretary of the agency and cases against the Indiana Department of Environmental Management while he was the Commissioner of that agency.  See 28 U.S.C. § 455(b)(5)(i).  Following his tenure with each of those agencies, I have disqualified myself from any actions in which I have known his actions were being challenged or in which I knew he was likely to be a material witness.  See 28 U.S.C. § 455(b)(5)(iv).  None of those conditions were met in this case.

been victimized by all people and all the instruments of government in all ways, and that these events are causally connected. Such a view would not be held by a reasonable person.  See *United States v. Evans,* 262 F. Supp. 2d 1292, 1294 (D. Utah 2003) ("In the recusal context, the reasonable person standard contemplates a 'well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person.'") (footnote and citation omitted).  Petitioner has failed to show an objectively reasonable basis for questioning my impartiality. Accordingly, the motion for recusal filed on October 2, 2007, is **denied.**

### III.

The petitioner's motion for leave to file amended, supplemental complaint is **denied** for both procedural and for substantive reasons.

Procedurally, the action remains closed through the issuance of the judgment entered on the clerk's docket on February 2, 2007. "[A] party cannot request leave to amend following a final judgment unless that judgment has been vacated." *Weiss v. Cooley,* 230 F.3d 1027, 1034 (7th Cir. 2000).

Substantively, the petitioner's proposed amended/supplemental complaint represents his effort to abandon the habeas corpus nature of this action and supplant it with claims pursuant to myriad statutes, including 42 U.S.C. § 1983. This conversion is not permitted even prior to judgment.  *Glaus v. Anderson,* 408 F.3d 382 (7th Cir. 2005); *Pischke v. Litscher,* 178 F.3d 497, 500 (7th Cir. 1999) (holding that habeas corpus is the proper vehicle for presenting a claim "if but only if the prisoner is seeking to 'get out' of custody in a meaningful sense.").

### IV.

The petitioner's *Urgent Motion to Stay Board's Order to Revoke His License* is **denied.** The reasons for this ruling are that 1) the relief sought in such motion is outside the scope of the claims in this case, and 2) the action is closed and has remained closed.

So ordered.

*[signature: David F. Hamilton]*

DAVID F. HAMILTON, Judge
United States District Court

Date:  11/5/2007

Distribution:

Raphael Raphlah, 217 North St., Indianapolis, IN 46202
Stephen R. Creason, INDIANA STATE ATTORNEY GENERAL,
        stephen.creason@atg.in.gov